(26 App. Div. 547.)

In re NEWTON.

(Supreme Court, Appellate Division, Second Department.    March 29, 1898.)

1. RESERVOIR FUND—SUPERINTENDENCE BY COURT.
    Under Laws 1883, c. 490, providing for reservoirs for the water supply of New York City, section 17, which directs the payment of certain awards to a trust company to be designated by the court, while it makes such payment lawful, does not interfere with the general power of the court to superintend funds within its legitimate control; and, whenever it appears that a fund thus paid is not realizing a reasonable rate of interest, it is within the power

of the court to order its transfer to a suitable depositary (even though not a trust company), where it will become more productive without infringing upon the rights of interested parties.

2. SAME—CHANGE OF DEPOSITARY—NOTICE.

Such a fund was, under an order of court, deposited with the Mercantile Trust Company, the interest to be paid to a life tenant, and the principal at her death to be distributed to remainder-men. *Held,* on an application to transfer the deposit to the treasurer of Putnam county, in order to procure a higher rate of interest, that the remainder-men were entitled to notice, and that the trust company had sufficient standing to appear and request that this be required.

Appeal from special term, Westchester county.

In the matter of the petition of John Newton, as commissioner of public works, to acquire lands for a storage reservoir in the town of South East, N. Y., known as "Double Reservoir 1." From an order of the special term directing the Mercantile Trust Company to pay to the county treasurer of Putnam county certain funds on trust in said trust company, it appeals. Reversed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

William C. Prime, for appellant.

Frederic S. Barnum, for respondent.

WOODWARD, J. The legislature of this state, in June, 1883, enacted chapter 490 of the Laws of 1883, entitled "An act to provide new reservoirs, dams and a new aqueduct with the appurtenances thereto, for the purpose of supplying the city of New York with an increased supply of pure and wholesome water." Section 17 of this act, so far as it is necessary for the purposes of this discussion, reads as follows:

"Whenever the owner or owners, person or persons interested in any real estate taken or affected in such proceedings, or in whose favor any such sum or sums or compensation shall be so reported, shall be under the age of twenty-one years, of unsound mind, or absent from the state of New York, and also in all cases where the name or names of the owner or owners, person or persons interested in any such real estate shall not be set forth or mentioned in the said report, or where the said owner or owners, person or persons being named therein cannot upon diligent inquiry be found, or where there are adverse or conflicting claims to the money awarded as compensation, it shall be lawful for the said mayor, aldermen and commonalty to pay the sum or sums mentioned in the said report, payable, or that would be coming to such owner or owners, person or persons respectively, with interest aforesaid into such trust company, as the court may, in the order of confirmation direct, to the credit of such owner or owners, person or persons, and such payment shall be as valid and effectual, in all respects, as if made to the said owner or owners, person or persons interested therein, respectively, themselves, according to their just rights."

Under the provisions of this statute, the court, in January, 1891, ordered that a certain sum of money, known as "Parcel 70," should be deposited with the Mercantile Trust Company, the interest on which should be paid to Delia Sherwood during her natural lifetime, and, at her death, to be distributed, on the further order of the court, among the persons legally entitled to receive the same. On a petition to a special term of the supreme court, in which it was alleged that the county treasurer of Putnam county would pay a higher rate of interest than the Mercantile Trust Company, it was ordered that the trust

company pay over the funds in parcel 70 to the treasurer of Putnam county, who was ordered to pay the interest to the petitioner, Delia Sherwood, and to distribute the fund, at her death, as directed in the original order of the court. The Mercantile Trust Company appeals from this order, and urges that, under the provisions of section 17 of the Laws of 1883, the court has no power to direct this fund to be paid to any other than a trust company. The object of the statute was not to interfere with the general power of the court to superintend funds within its legitimate control, but to provide a place of deposit which should meet the requirements of the constitution by enabling the city to make compensation for lands taken in carrying out the objects of the law. It made it lawful for the city to pay the money into the custody of such trust companies as the court should designate; but it did not deprive the court of its right to protect such funds against an unreasonable reduction of interest, or prevent its exercising control of the money for the protection of those who are to come into possession at the close of the life estate in the property taken. The court has the right, and it is its duty, to see that the life estate of Delia Sherwood in the property taken is not made practically valueless; that the property is not taken from her without just compensation, through the operation of the trust company in lowering its rate of interest, when this can be done with safety to those who are to come into subsequent possession. Whenever it appears to the court that the fund is not realizing that rate of income which it is reasonable to expect, and when there is an opportunity to place it where it will become more productive, without infringing upon the rights of others, it is clearly within the power of the court to order the transfer of the fund. The city having paid in the money to a trust company, designated by the court, its responsibility ends, and the fund comes under the general guardianship of the court, for the benefit of those who shall be the lawful heirs at the time of the death of Delia Sherwood, who had the life estate in the property from which this fund, known as "Parcel 70," was realized, the avails of which belong to her during her lifetime; and, were these the only considerations involved, we should affirm the order appealed from. We think, however, that, before the fund shall be reinvested under the order of the court, the persons entitled to the remainder after the termination of the life estate are entitled to notice of the application so to do; and we are of the opinion that the Mercantile Trust Company, being the present custodian of the fund, has sufficient standing in court to appear and request that this be done.

The order of the special term is reversed, without costs, with leave to renew the motion upon notice, as heretofore indicated. All concur.